1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10

AARON SWITZER,

11
                          Plaintiff,

12
                  v.

13
CAROLYN W. COLVIN, Acting
14
Commissioner of the Social Security
Administration,[1]

15
                          Defendant.

16

CASE NO. 12-cv-5515-JRC

ORDER ON PLAINTIFF'S
COMPLAINT

17        This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

18   Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

19   Magistrate Judge and Consent Form, ECF No. 3; Consent to Proceed Before a United

20   States Magistrate Judge, ECF No. 4). This matter has been fully briefed (*see* ECF Nos.

21   14, 15, 15).

22

23        [1] Carolyn W. Colvin became the Acting Commissioner of the Social Security
     Administration on February 14, 2013.  Pursuant to Rule 25(d) of the Federal Rules of Civil
24   Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit.

After considering and reviewing the record, the Court finds that the ALJ committed harmful error in failing to acknowledge and discuss plaintiff's obesity when determining that plaintiff was not disabled pursuant to the Social Security Act. Therefore, this matter must be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further administrative proceedings.

<u>BACKGROUND</u>

Plaintiff, AARON SWITZER, was born in October, 1973, and was thirty-two years old on his amended alleged date of disability onset of February 26, 2006 (*see* Tr. 38, 131). He obtained his high school GED and attended some college, but did not complete any college classes (*see* Tr. 39-40). Plaintiff testified that he quit because he could not handle the stress load (*see* Tr. 40).

Plaintiff has past relevant work experience as a watercraft crew chief in the army (*see* Tr. 29, 165). He suffered a left meniscus tear in his knee and had surgery in 2001 (*see* Tr. 508). Plaintiff has at least the severe impairments of bilateral knee pain status post medial meniscus repair, and chronic pain disorder/fibromyalgia (*see* Tr. 18).

At his administrative hearing, plaintiff testified that he "mainly" lives with his mother, although he is married (*see* Tr. 42). He testified that he needed additional help that his wife could not provide, as she is disabled from two different back surgeries (*see id.*). Plaintiff testified that his step father had back surgeries, resulting in his L&I payments; and testified that his mother had recently had her knee replaced (*see id.*). Plaintiff testified that he takes his eight-year old son to his mother's house when he goes there, as he is partly responsible for taking care of his autistic son (*see* Tr. 44).

1

<u>PROCEDURAL HISTORY</u>

2

On February 2, 2010, plaintiff filed an application for disability insurance ("DIB")

3

benefits pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act (*see* Tr. 16, 131-

4

32). His application was denied initially and following reconsideration (*see* Tr. 79-81, 88-

5

89). Plaintiff's requested hearing was held before Administrative Law Judge Marguerite

6

Schellentrager ("the ALJ") on December 7, 2010 (*see* Tr. 34-76). On January 12, 2011,

7

the ALJ issued a written decision in which she concluded that plaintiff was not disabled

8

pursuant to the Social Security Act (*see* Tr. 13-33).

9

On April 10, 2012, the Appeals Council denied plaintiff's request for review,

10

making the written decision by the ALJ the final agency decision subject to judicial

11

review (Tr. 1-3). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court

12

seeking judicial review of the ALJ's written decision (*see* ECF No. 1). Defendant filed

13

the sealed administrative record regarding this matter ("Tr.") on October 2, 2012 (*see*

14

ECF Nos. 8, 10). In his Opening Brief, plaintiff raises the following issues: (1) whether

15

or not the ALJ erred in failing to discuss plaintiff's obesity; (2) whether or not the ALJ

16

correctly evaluated plaintiff's VA disability rating; (3) whether or not the ALJ erred in

17

failing to find at step two of the sequential disability evaluation process that plaintiff had

18

a severe mental impairment; and (4) whether or not these errors are harmful (*see* ECF No.

19

14, pp. 1-2).

20

<u>STANDARD OF REVIEW</u>

21

Plaintiff bears the burden of proving disability within the meaning of the Social

22

Security Act (hereinafter "the Act"); although the burden shifts to the Commissioner on

23

24

the fifth and final step of the sequential disability evaluation process. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999); *see also Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995); *Bowen v. Yuckert*, 482 U.S. 137, 140, 146 n. 5 (1987). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment "which can be expected to result in death or which has lasted, or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Plaintiff is disabled under the Act only if plaintiff's impairments are of such severity that plaintiff is unable to do previous work, and cannot, considering plaintiff's age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also  Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)); *see also Richardson v. Perales*, 402 U.S. 389, 401 (1971). Regarding the question of whether or not substantial evidence supports the findings by the ALJ, the Court should "'review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's

conclusion.'" *Sandgathe v. Chater*, 108 F.3d 978, 980 (1996) (per curiam) (*quoting Andrews, supra*, 53 F.3d at 1039). In addition, the Court must determine independently whether or not "'the Commissioner's decision is (1) free of legal error and (2) is supported by substantial evidence.'" *See Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2006) (*citing Moore v. Comm'r of the Soc. Sec. Admin.,* 278 F.3d 920, 924 (9th Cir. 2002)); *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

According to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1226-27 (9th Cir. 2009) (*citing SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121, 2012 U.S. App. LEXIS 6570 at *42 (9th Cir. 2012); *Stout v. Commissioner of Soc. Sec.*, 454 F.3d 1050, 1054 (9th Cir. 2006) ("we cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision") (citations omitted). For example, "the ALJ, not the district court, is required to provide specific reasons for rejecting lay testimony." *Stout, supra*, 454 F.3d at 1054 (*citing Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)). In the context of social security appeals, legal errors committed by the ALJ may be considered harmless where the error is irrelevant to the ultimate disability conclusion when considering the record as a whole. *Molina, supra*, 674 F.3d 1104, 2012 U.S. App. LEXIS 6570 at *24-*26, *32-*36, *45-*46; *see also* 28 U.S.C. § 2111; *Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009); *Stout, supra*, 454 F.3d at 1054-55.

<u>DISCUSSION</u>

**1.  Whether or not the ALJ committed harmful legal error by failing to discuss plaintiff's obesity.**

Here, the ALJ did not discuss plaintiff's obesity. Defendant acknowledges that the ALJ failed to discuss plaintiff's obesity, but contends that the medical experts evaluated plaintiff's limitation properly and therefore any error is harmless.   However, for the reasons discussed below, the Court does not find defendant's position to be persuasive.

Plaintiff is 6'2" and weighed 255 pounds (*see* Tr. 509). At plaintiff's Body Mass Index of 32.7, this indicates that he was obese. *See e.g.,* http://www.nhlbisupport.com/bmi/. Although the ALJ "need not discuss *all* evidence presented," in this case, the ALJ should have explained why the significant probative evidence of plaintiff's obesity was rejected.  *See Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (per curiam) (*quoting Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981)).

In addition, according to Social Security Ruling, "SSR," 02-01p, the Administration "consider[s] obesity to be a medically determinable impairment and remind[s] adjudicators to consider its effects when evaluation disability  .  .  .  . [ALJs are] to consider the effects of obesity not only under the listings but also when assessing a claim at other steps of the sequential evaluation process." SSR 02-01p, 2002 SSR LEXIS 1 at *2-*3 (2002).

Although "Social Security Rulings do not have the force of law, [n]evertheless, they constitute Social Security Administration interpretations of the statute it administers

and of its own regulations." *See Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir.

1989) (*citing Paxton v. Sec. HHS*, 865 F.2d 1352, 1356 (9th Cir. 1988)) (internal citation

and footnote omitted). As stated by the Ninth Circuit, "we defer to Social Security

Rulings unless they are plainly erroneous or inconsistent with the [Social Security] Act or

regulations." *Id.* (*citing Chevron USA, Inc. v. NRDC, Inc.*, 467 U.S. 837, 842-45 (1984);

*Paxton, supra*, 865 F.2d at 1356).

Here, the ALJ failed to discuss or mention plaintiff's obesity. Therefore, the ALJ

committed error. *See* SSR 02-01p, 2002 SSR LEXIS 1 at *2-*3; *Vincent*, *supra*, 739 F.2d

at 394-95. As a consequence of the ALJ's failure to acknowledge plaintiff's obesity, the

ALJ necessarily failed to discuss explicitly the effects, if any, of plaintiff's obesity on his

impairments and the resultant functional limitations, and the effect on his ability to work.

The Court must determine whether or not the ALJ's error is harmless.

The Ninth Circuit has "recognized that harmless error principles apply in the

Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). The

Court noted multiple instances of the application of these principles. *Id.* (collecting

cases). The Ninth Circuit noted that "in each case we look at the record as a whole to

determine [if] the error alters the outcome of the case." *Id.* The court also noted that the

Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where

it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (*quoting*

*Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other

citations omitted). The court noted the necessity to follow the rule that courts should

review cases "'without regard to errors' that do not affect the parties' 'substantial

1   rights.'" *Id.* (*quoting Shinsheki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C.

2   § 2111) (codification of the harmless error rule)).

3       While defendant argues that plaintiff failed to demonstrate that his obesity resulted

4   in any increased functional limitations, plaintiff argues that plaintiff's obesity, combined

5   with his severe knee impairment and his pain, affected his ability to stand and walk, and

6   likely impacted his ability to engage in light work, which, as cited by plaintiff, requires

7   that plaintiff have the ability to do a "good deal" of standing or walking (*see* Opening

8   Brief, ECF No. 14, p. 9 (*quoting* 20 C.F.R. § 404.1567(b))).

9       The Court notes that Dr. Shirley R. Deem, M.D., examined and evaluated plaintiff

10  on June 11, 2010 (*see* Tr. 508-11). She noted that he was 6'2" and weighed 255 pounds

11  (*see* Tr. 509). Dr. Deem did not indicate explicitly that plaintiff was obese (*see id.),* but in

12  light of her acknowledgment of plaintiff's height and weight, the Court can assume that

13  she was aware of plaintiff's obesity and considered it in reaching her conclusions.  Dr.

14  Deem also observed that plaintiff ambulated with a cane and was not cooperative with

15  respect to the doctor's conduction of Romberg, hopping and tandem tests (*see id.*). Dr.

16  Deem assessed that plaintiff's hips appeared to have normal range of motion, and that the

17  range of motion in his knee joints was "flexion 150 degrees bilaterally" (*see id.*).

18  Regarding plaintiff's standing and walking abilities, Dr. Deem opined that plaintiff could

19  stand and walk for up to four hours (*see* Tr. 510). In contrast, Dr. Deem opined that she

20  was unable to assess plaintiff's ability to lift and carry, due to his lack of cooperation

21  with certain examination tests (*see* Tr. 511).

22

23

24

1    The ALJ failed to credit Dr. Deem's opinion regarding standing and walking, and

2   instead found that plaintiff could stand and/or walk (with normal breaks) for a total of

3   about six hours in an eight hour day (*see* Tr. 23). The Court notes that an opinion from an

4   examining doctor normally is provided more weight than the opinion of a non-examining

5   doctor. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citations omitted); *see*

6   *also* 20 C.F.R. § 404.1527(d).  A non-examining physician's or psychologist's opinion

7   may not constitute substantial evidence by itself sufficient to justify the rejection of an

8   opinion by an examining physician or psychologist. *See Lester, supra*, 81 F.3d at 831

9   (citations omitted).

10    An acknowledgement of plaintiff's obesity by the ALJ may have resulted in the

11   ALJ making the determination that Dr. Deem's opinion regarding plaintiff's ability to

12   stand and walk should be credited fully, or it may have led to the ALJ's finding of

13   increased limitations on plaintiff's abilities in this area.

14    Regardless of how the ALJ would have considered plaintiff's obesity in reaching

15   her result, the Court concludes that the ALJ's failure to acknowledge plaintiff's obesity is

16   relevant to her evaluation of Dr. Deem's conclusions,  to her determination regarding

17   plaintiff's ability to stand and walk, and also to her findings regarding plaintiff's ability

18   to perform light work. These findings by the ALJ were relied on when the ALJ made her

19   step five determination that plaintiff could perform other work in the national economy

20   (*see* Tr. 29-30). As this step five finding directs the ultimate determination regarding

21   nondisability in this matter, the ALJ's error in failing to acknowledge plaintiff's obesity

22   and failure to determine explicitly its effect on plaintiff's limitations, when combined

with his bilateral knee pain status post medial meniscus repair and chronic pain disorder/fibromyalgia, is not harmless error.

Based on a review of the relevant record, the Court concludes that the ALJ's failure to assess explicitly plaintiff's obesity is relevant to the ultimate finding regarding disability and may have impacted the outcome of the case. Therefore, the Court cannot conclude that the failure to acknowledge plaintiff's obesity is 'inconsequential to the ultimate nondisability determination.'" *See Molina*, *supra*, 674 F.3d at 1115 (*quoting Carmickle*, *supra*, 533 F.3d at 1162) (other citations omitted).

Therefore, this matter must be reversed and remanded to the Commissioner for further administrative proceedings.

**2.   The step two determination regarding severe mental impairments should be assessed anew following remand of this matter.**

The Court also notes that the ALJ included and relied on a finding not supported by substantial evidence in the record when discussing the medical opinion of Dr. Kathleen Mayer, Ph.D. The ALJ relied on Dr. Mayer's indication that "Dr. Mayers explained that the information the claimant provided during the evaluation was inconsistent with the VA records; for example, the VA records do not mention PTSD, anxiety, or OCD" (Tr. 21 (*citing* Tr. 551)). However, the records from the VA include numerous indications of plaintiff's PTSD and anxiety, such as a listing of PTSD as an active problem (*see* Tr. 394; *see also* Tr. 212, 240, 388). The record indicates that plaintiff was taking medication for PTSD (*see* Tr. 374). The record also includes a diagnosis of "adjustment disorder with mixed anxiety and depressed mood" (*see* Tr. 215).

1  The ALJ's apparent error should be corrected following remand of this matter. The

2  matter of whether or not plaintiff was suffering from a severe mental impairment should

3  be evaluated anew following remand of this matter. When considering the step two

4  determination regarding the presence of a severe mental impairment, the disability

5  determinations from the VA also should be assessed further. Although the disability

6  determinations themselves do not appear to be in the record, the various disability

7  determinations and the fact that plaintiff may have a disability determination of 30

8  percent related to a mood disorder suggest that the VA disability determinations are

9  significant, probative evidence that should be evaluated thoroughly (*see, e.g.*, Tr. 27, 45-

10 46, 244, 248). *See Vincent*, *supra*, 739 F.2d at 394-95; *see also McCartey v. Massanari*,

11 298 F.3d 1072, 1076 (9th Cir. 2002) ("an ALJ must ordinarily give great weight to a VA

12 determination of disability  .  .  .  because of the marked similarity between these two

13 federal disability programs") (internal citations omitted).

## CONCLUSION

16      Based on the stated reasons and the relevant record, the Court **ORDERS** that this

17 matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. §

18 405(g) to the Commissioner for further consideration.

19      **JUDGMENT** should be for plaintiff and the case should be closed.

20      Dated this 23rd day of May, 2013.

J. Richard Creatura
United States Magistrate Judge

ORDER ON PLAINTIFF'S COMPLAINT - 11